(No. 11009.—Judgment affirmed.)
THE CITY OF CHICAGO, Appellee, *vs.* LOUIS VIERLING, Appellant.

*Opinion filed February 21, 1917.*

SPECIAL ASSESSMENTS—*question of benefits is not determined by number of witnesses.* A judgment confirming a special assessment after the court has heard the evidence and viewed the premises will not be reversed as not sustained by the proof, even though the witnesses who testified there were no benefits outnumber those who testified that the property was benefited as much or more than the assessment, as the probative force of the view by the court and the location of the improvement must also be considered.

APPEAL from the County Court of Cook county; the Hon. S. N. HOOVER, Judge, presiding.

GEORGE W. WILBUR, for appellant.

HARRY F. ATWOOD, and ARTHUR E. WALLACE, (SAMUEL A. ETTELSON, Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

The city of Chicago, in June, 1914, passed an ordinance for the construction of a cement sidewalk on the east side of Stewart avenue between Thirty-third and Thirty-seventh streets. Objections to the assessment were filed by Louis Vierling, appellant, as to two blocks extending from Thirty-third to Thirty-fifth street. Trial was had by the county court of Cook county without a jury, which resulted in an order overruling the objections and confirming the assessment as made. From that judgment this appeal has been perfected.

It is insisted by appellant that the ordinance is void as there is no necessity for the proposed improvement, and that the property objected for will not be increased in its fair cash market value by the construction of the proposed

improvement. The testimony offered by the parties was conflicting as to both questions. The testimony offered by appellant tended to show that the travel along the property in question was very limited and there was no necessity for the improvement, whereas the testimony offered on the part of appellee tended to show that there was considerable traffic along this property and that there was a well-beaten path along the proposed line of the sidewalk.

The property of appellant is vacant and unoccupied and is most desirable for manufacturing purposes and is not desirable property for residences. Two witnesses testified on behalf of appellee that the fair cash market value of the property would be increased, one of them testifying that it would be increased to the amount of the assessment, and the other that it would be increased to an amount in excess of that. Four witnesses testified on behalf of appellant that the fair cash market value of the property would not be increased by the making of the improvement. By agreement of the parties the court viewed the premises after the taking of the testimony. Appellant contends that the preponderance of the evidence shows that his property will not be benefited by the making of the improvement. It is true that a larger number of witnesses testified on behalf of the appellant upon this question, but that does not necessarily determine the weight of the evidence. In addition to this must be added the probative force of the actual view by the court of the premises and the location of the proposed improvement.

Upon a consideration of the whole case we are unable to say that the court erred in entering the order confirming the assessment.

The judgment of the county court is affirmed.

*Judgment affirmed.*