(No. 13425.—Judgment affirmed.)

THE VILLAGE OF BROOKFIELD, Appellee, *vs.* KONRAD RICKER *et al.* Appellants.

*Opinion filed December 21, 1920.*

1. SPECIAL ASSESSMENTS—*the legislature may deprive municipalities of authority over local improvements.* The legislature has the power, by a law duly enacted, to deprive municipalities of all authority with reference to local improvements, unless such law contravenes some provision of the State or Federal constitution.

2. SAME—*Road and Bridge act does not deprive municipality of right to pave part of State aid road running through city.* By the passage of the Road and Bridge act of 1913, as since amended, the legislature did not intend to take from cities and villages authority under the Local Improvement act to pave a street that may be selected by the State or county authorities as a link in a State aid road.

3. SAME—*the action of public authorities of the county or State can be shown only by their records.* The action of the county board of highway commissioners or other public authorities of the county or State can properly be shown only by the records kept by those authorities.

4. SAME—*municipality cannot compel county to carry out resolution for State aid road.* Where county authorities have passed a resolution that a certain avenue through a village be made a State aid road, the route adopted may be changed under the Road and Bridge act and the village cannot compel the county to construct a pavement along said avenue; nor is the village deprived of the right to pave such avenue by special assessment.

5. STATUTES—*repeals by implication are not favored.* Statutes will be so construed as to avoid the repeal of one act by implication by a subsequent act if such repeal can be avoided by any reasonable hypothesis.

APPEAL from the County Court of Cook county; the Hon. JOHN H. WILLIAMS, Judge, presiding.

WILLIAM T. HAPEMAN, for appellants.

AUTHUR A. HUEBSCH, (GEORGE E. BRANNAN, of counsel,) for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

A petition was filed in the county court of Cook county asking that a special assessment be levied by the authorities of the village of Brookfield to pave Ogden avenue from the east to the west line of said village, including the roadways of intersecting streets, with a Portland cement concrete pavement, to be paid for, according to the provisions of the Local Improvement act, by special assessment on the property benefited. Thereafter a commissioner was appointed to spread the assessment, who made a report to the county court, which assessed $31,539.51 as public benefits to the village of Brookfield and benefits to private property of $66,078.48. Objections were filed in the county court by appellants to the confirmation of this assessment. These objections were overruled and the assessment roll confirmed. From the judgment overruling the objections and confirming the assessment this appeal was prayed.

The objections raised below and overruled and now urged here are, that the court had no jurisdiction over the subject matter; that the power to make this improvement existed only in the State of Illinois, as to the county of Cook, under the Road and Bridge act of this State; and further, that the ordinance is void in providing for paving an eighteen-foot strip by the county of Cook and charging the same as a public benefit against the village.

The evidence shows that Ogden avenue is the main thoroughfare leading into Brookfield from the east and west and leading from Brookfield to Chicago; that this street has been paved in Lyons, which is the municipality immediately east of Brookfield, with concrete for about a mile, and that in Berwyn, which is the municipality immediately east of Lyons, Ogden avenue is being paved with concrete twenty-four feet wide; that Ogden avenue in Brookfield has been improved with sewers and water pipes, and with sidewalks for part of the distance on one side and all of the

distance on the other; that this roadway through a part of Brookfield is in its present condition practically impassable.

Appellee introduced on the hearing as to the legal objections in the county court the record of the meeting of the board of county commissioners of Cook county held October 4, 1919, at which a resolution was passed providing, among other things, that Ogden avenue, beginning at the intersection of Lawndale avenue and extending westerly through the villages of Lyons, Brookfield, LaGrange and other municipalities to the county line, should be improved with an eighteen-foot concrete roadway at an estimated cost of $155,000, and that the board of county commissioners of Cook county should arrange to borrow $5,000,000 on the credit of the county for the purpose of constructing State aid roads in said county. The argument of counsel for appellants is to the effect that by this resolution the county of Cook took jurisdiction over this roadway for its entire distance through the village of Brookfield, and that under the Road and Bridge act passed on July 1, 1913, and since amended, the county and State authorities have entire charge over the paving of Ogden avenue through the village, and that under the provisions of said act all authority by the village to construct a pavement on said roadway under the Local Improvement act has ceased.

There can be no question that the legislature of this State has the power, by a law duly enacted, to deprive the municipalities of this State of all their authority with reference to local improvements, unless such law would contravene some provision of the State or Federal constitution. (*City of Chicago* v. *M. & M. Hotel Co.* 248 Ill. 264, and authorities there cited.) The chief question to be decided here is whether or not by the passage of the Road and Bridge act of 1913, as since amended, the legislature did intend to deprive the municipalities of authority to put down pavements under the Local Improvement act. We think it is manifest from a mere reading of the Road and

Bridge act of 1913 that the legislature did not so intend. The third paragraph of section 9 of article 4 of said act (Hurd's Stat. 1917, p. 2521,) provides that no road or part thereof lying within the corporate limits of any city or village situated within any county of the first or second class, or any city or village having a population exceeding 20,000 by the last preceding Federal census, situate within any county of the third class, shall be improved or constructed with State aid; and further provides that any road or part thereof lying within the corporate limits of any city or village having a population of 20,000 or less so ascertained, situate within any county of the third class, may be improved or constructed with State aid under certain conditions; and provides also that a road or part thereof lying within the corporate limits of any city, village or town having a population of 2500 or less so ascertained, in any county, may be improved or constructed with State aid to connect or complete by the most direct route a State aid road already improved or constructed or being improved or constructed, to the corporate limits of such city, village or town. The evidence shows that the village of Brookfield is located in the county of Cook, which is a county of the third class.

We do not think that the legislature by the passage of the Road and Bridge act intended to take from cities and villages all authority under the Local Improvement act to pave any street that might be selected by the State or county authorities as a link in a State aid road. It may be noted in this connection that some of the proof with reference to the action of the county authorities as to the improvement of Ogden avenue through the village of Brookfield was not made by the records of the county board or the county highway commissioners. The action of the county board of highway commissioners or other public authorities of the county or State can only be properly shown by the records kept by those authorities. *People* v. *Chicago and Al-*

*ton Railroad Co.* 273 Ill. 452, and authorities cited; see, also, *Lindblad* v. *Town of Normal,* 224 Ill. 362, and authorities cited.

It was conceded by counsel for the village, and by the trial judge on the trial in the county court, that the county commissioners of Cook county had passed a resolution that Ogden avenue through Brookfield had been chosen by them as the location of part of a State aid road, and therefore; regardless of the character of the proof, this court will concede the same; but it does not necessarily follow, as argued by counsel for appellants, that this action was final and binding on all public authorities, for it is provided by sections 13, 14 and 22 of the Road and Bridge act that the action of the county board with reference to laying out and constructing State aid roads in the county is subject to review by the State authorities, and that, under the conditions therein provided, the route, after having been adopted, may be changed. Hence the argument of counsel for appellants that the county authorities could be compelled by the village of Brookfield to construct a pavement along Ogden avenue, in said village, is not supported under a reasonable construction of the Road and Bridge act.

Moreover, we are of the opinion that the legislature did not intend to deprive municipalities of all authority to construct a pavement, under the Local Improvement act, on a street within a given municipality which had been chosen by the county authorities as a portion of a State aid road. The decisions of this State so strongly relied on by counsel for appellee with reference to the Sanitary District act do not support that conclusion. The decisions in *Judge* v. *Bergman,* 258 Ill. 246, and *Mortell* v. *Clark,* 272 id. 201, only go to the extent of holding that the sanitary district has the power of constructing the main drainage channel within certain municipalities in the State under said Sanitary District act. It seems clear, not only from these decisions but from other decisions rendered by this court, that

the city and village authorities still retain the right, under the Local Improvement act, to construct sewers within a given municipality. (*City of Chicago* v. *Green,* 238 Ill. 258, and cases there cited on this point.) The Road and Bridge act, when enacted in 1913, did not refer in any way to the Local Improvement act for making improvements in municipalities in this State, and while the Road and Bridge act repealed directly many road and bridge acts, it did not refer in the repealing section to the Local Improvement act for cities and villages. At no place in the entire act do we find anything that repeals, directly or by implication, the authority of a municipality, under the Local Improvement act, to make a pavement within the municipality under the conditions found in this record. It has been the rule in this State that repeals by implication are not favored, and that statutes will be so construed as to avoid the repeal by implication of one act by a subsequent enactment if such repeal can be avoided on any reasonable hypothesis. *Village of Ridgway* v. *County of Gallatin,* 181 Ill. 521; *Village of East Springfield* v. *City of Springfield,* 238 id. 534; *City of Chicago* v. *Oak Park Elevated Railroad Co.* 261 id. 478.

We find nothing in this record upon which to base the objection of counsel for appellants that the ordinance is void because it provides for paving an eighteen-foot strip by the county of Cook and charging the same as a part of the public benefits to the village. There is no evidence introduced in the record indicating such plan, and the argument of counsel for appellants seems to be based upon mere conjecture, because the engineer of the board of local improvements of the village of Brookfield had consulted and advised, under the direction of the president of the board, with the engineer of the Cook county highway commissioners with reference to a plan of construction for the pavement here in question as to grading and other points under said ordinance. Whether the cost of paving the eighteen-foot strip in the center of this road was understood to be

charged to the village as a part of the public benefits is not shown by the record, neither is it shown that the county authorities of Cook county had agreed to reimburse the village for paving said eighteen-foot strip as a part of the public benefits.

On the record before us we find nothing to indicate that the village of Brookfield was within any provisions of the Road and Bridge act that in any way deprived the village authorities from levying, spreading and collecting the assessment and constructing the pavement as provided by the Local Improvement act.

The county court rightly overruled the objections of appellants, and the judgment of the county court of Cook county will be affirmed.      *Judgment affirmed.*