(No. 16961.—Judgment affirmed.)
THE CITY OF CHICAGO HEIGHTS, Appellant, *vs.* F. A.
WALLS *et al.* Appellees.

*Opinion filed December 16, 1925—Rehearing denied Feb. 5, 1926.*

SPECIAL ASSESSMENTS—*what is not a local improvement.* The construction of a bridge, with sidewalks on each side, where a street of a city crosses a creek, is not a local improvement within the meaning of the statute providing for the levying of special assessments. (*City of Waukegan* v. *DeWolf,* 258 Ill. 374, followed.)

APPEAL from the City Court of Chicago Heights; the Hon. LEE W. CARRIER, Judge, presiding.

WILLIAM F. KENNEDY, Corporation Counsel, (HOWARD P. ROE, of counsel,) for appellant.

ABBOTT, HOOD & SMITH, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

The city of Chicago Heights filed its petition for the confirmation of a special assessment under an ordinance adopted by the council for the construction of a re-enforced concrete bridge at the intersection of Sixteenth street and Thorn creek, together with sidewalks on each side, which the ordinance provided was to be paid for by special assessment. Appellees filed objections to the assessment, which were sustained and the petition dismissed. The city prosecutes this appeal.

The facts are stipulated, and the only question presented is whether the improvement is a local improvement.

The district assessed is bounded on the east by the Chicago and Eastern Illinois railroad right of way and on the west by the western limits of the city. The north boundary is Fourteenth street, and the south boundary is irregular and extends west to the city limits. It is stipulated the

district sought to be assessed is about sixteen per cent of the total area, in square feet, of the city. Sixteenth street extends from Euclid avenue on the east to the west limits of the city, and when the bridge is built and the street opened up will form a thoroughfare from the east to the west limits. Fourteenth street is two blocks north of Sixteenth street and is the only thoroughfare from the east to the west limits in the city. There is no crossing at Fifteenth street over the right of way of the Chicago and Eastern Illinois railroad. Fourteenth street crosses the right of way by a subway under the tracks. The estimated cost of the improvement was $12,236.45, and the proposed assessment varied in amount from twelve cents per front foot to $.2316 per front foot. It was stipulated that property along Sixteenth street, both east and west of the creek, is specially benefited to a greater degree than other property in the district, and to a lesser degree the property on the north and south streets and intersecting streets in said district is benefited.

Counsel on both sides agree that the court, in dismissing the petition on the ground that it was not a local improvement, was governed by the decision of this court in *City of Waukegan* v. *DeWolf,* 258 Ill. 374. In that case all of the land of the city was assessed for the purpose of constructing a viaduct across a gulch in the city at a cost of $74,084.88, to be paid for by special assessment. The property was assessed from $5 per front foot on lands contiguous to the improvement, down to four cents per front foot on lands most remote from it. Fifteen thousand dollars was assessed against the city for public benefits. The court said the lands contiguous to the improvement would be specially benefited, and quoted from *City of Chicago* v. *Blair,* 149 Ill. 310, *State* v. *Reis,* 38 Minn. 371, and *Crane* v. *Siloam Springs,* 67 Ark. 37, defining what is a local improvement. The court said an improvement is not a local improvement within the meaning of the constitution and

statute because constructed in a particular locality or nearer to some persons and property than to others. As the decision in that case seems conclusive we quote at length. The court said: "Neither is an improvement of a local nature merely because it confers a greater benefit on particular pieces of property than upon others throughout the municipality. This is well illustrated by the case of *City of Chicago* v. *Law,* 144 Ill. 569, where it was held that the city had no right to levy a special assessment to pay for widening and improving the Chicago river. It could not have been claimed in that case that the property of an objector who owned large coal yards adjoining the river and received coal by vessels would not be specially benefited. Clearly, every piece of property along the river would be benefited more than other property in no way connected with navigation, but the widening and improving of the river was held not to be a local improvement because it was designed to be of general benefit to commerce on the river and lake navigation. A case exactly parallel to this one would be an attempt to levy a special assessment to build a bridge in the city of Chicago across the Chicago river. There would be precisely the same injury to adjacent property if there were no bridge as is suggested by counsel in this case, because the property would be at the dead end of the street and that serious disadvantage would be removed by building a bridge, which would benefit the property. * * * The purpose of the viaduct is to preserve, as counsel for appellant says, the continuity of the street and to give the public unobstructed and convenient access from one part of the city to the other. The improvement will benefit adjoining property more than property at a distance, but that fact is not conclusive as to the nature of the improvement." The court cited other cases in support of its opinion, and said: "These and other cases demonstrate that the question whether an improvement is a local one, within the meaning of the constitution and statute, does not depend

upon the fact that there are incidental or indirect public benefits for which an equitable portion of. the cost may be assessed to the municipality, as contemplated by the statute, and is not determined by the fact that some property in the municipality is benefited to a greater degree than other property, but does depend upon the nature of the improvement and whether the substantial benefits to be derived are local or general in their nature. If its purpose and effect are to improve a locality it is a local improvement although there is incidental benefit to the public, but if the primary purpose and effect are to benefit the public it is not a local improvement although it may incidentally benefit property in a particular locality."

The bridge, when constructed, in this case will form a part of Sixteenth street. That street runs parallel to Fourteenth and Fifteenth streets, and there are bridges upon those streets. Fifteenth place runs east and west and is between Sixteenth and Fifteenth streets. Counsel for appellant admit property north of Fifteenth place would not be damaged if no bridge were ever constructed on Sixteenth street, as the property north of Fifteenth place is served by the bridges on Fourteenth and Fifteenth streets. All the property, however, north of Sixteenth street is included in the assessed district.

Counsel for appellant contend the *Waukegan case, supra,* was modified or the definition of "local improvement" expanded in *City of Chicago* v. *Farwell,* 284 Ill. 491, and also in *City of Chicago* v. *Lord,* 277 id. 397. The *Farwell case* did not involve a decision whether the improvement was a local improvement, but the question was whether the property involved was benefited to the amount of the assessment. All legal objections were withdrawn by the objectors and the only question submitted was one as to benefits. The *Lord case* involved the widening and paving of a street. The *Waukegan case* stands unaffected by any subsequent decision, and we are of opinion that under that case the

court was bound to hold that the proposed improvement was not a local improvement and properly dismissed the petition.

The judgment is affirmed.

*Judgment affirmed.*