THE CITY OF GENESEO, Appellee, *vs.* LEWIS R. SHEARER *et al.* Appellants.

*Opinion filed April 20, 1927—Rehearing denied June 17, 1927.*

1. SPECIAL ASSESSMENTS—*act of 1925 does not deprive cities of power to improve a street designated as a State road.* The act of June 11, 1925, (Laws of 1925, p. 530,) authorizing the Department of Public Works and Buildings to construct and maintain hard roads within the corporate limits of cities, villages and towns upon routes designated in the Bond Issue act of 1917, does not deprive cities or villages of the power to improve a street designated as a portion of a State road, and the State may agree to pay for paving its portion of the street and the city may levy a special assessment for paving the street in excess of the State's portion.

2. SAME—*legislature may deprive cities of power over local improvements.* The legislature has the power, by a law duly enacted, to deprive municipalities of all authority with reference to local improvements unless such law contravenes some provision of the State or Federal constitution.

3. SAME—*when improvement ordinance need not be published.* Where the estimated cost of a proposed improvement is less than $100,000 the improvement ordinance need not be published before its passage, as provided in section 11 of the Local Improvement act; nor need it be published before it shall be in full force and effect where it does not impose any fine, penalty, imprisonment or forfeiture, as required in the city's charter relative to the publication of ordinances.

4. STATUTES—*provisions of a statute should be construed together with reference to purpose.* In construing an act of the legislature the court should determine the intention from the lan-

guage of the act when all of its provisions are taken together and considered with reference to the purpose for which the legislation was enacted.

DUNN and THOMPSON, JJ., dissenting.

APPEAL from the County Court of Henry county; the Hon. LEONARD E. TELLEEN, Judge, presiding.

BARTLETT S. GRAY, for appellants.

JOSEPH L. SHAW, City Attorney, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

On May 24, 1926, the mayor and city council of the city of Geneseo, Illinois, passed, adopted and approved a local improvement ordinance for grading, draining and paving certain described portions of Oakwood avenue and Main street. The ordinance recited that the whole cost of the improvement as set forth in the engineer's estimate attached thereto, except the sum of $24,450, be paid for by special assessment, to be levied upon property specially benefited to the amount that such property might be legally assessed therefor under the Local Improvement act of 1897 and amendments thereto, and also by general taxation; that the sum of $24,450 should not be assessed against property benefited or raised by general taxation, for the reason that the State of Illinois, by its duly authorized agents, had undertaken and agreed to and with the city to pay that amount direct to the contractor as the cost of that portion of the improvement adopted and to be constructed by the State in accordance with the statutes of the State. A petition was filed on May 25, 1926, in the county court of Henry county by the city of Geneseo, setting forth its incorporation by special charter granted by the legislature in 1865, the adoption by the city in 1872 of article 9 of the Cities and Villages act of 1872, and that the Local Improvement act of 1897 was in full force in the city. The petition further set out the adoption and approval of the ordinance as

submitted and recommended by the board of local improvements of the city, the approval of the estimate of cost of the improvement and of the recommendation of the board of local improvements. A copy of the ordinance, recommendation of the board of local improvements and the estimate of cost were attached to and made a part of the petition. The petition also recited that the State of Illinois had agreed to pay $24,450 of the total cost of the improvement, and prayed that steps be taken to levy a special assessment in accordance with the provisions of the ordinance and the Local Improvement act. The recommendation by the board of local improvements submitting the improvement ordinance for passage and adoption by the city council and the estimate of the cost of the proposed work were dated May 24, 1926. The estimate as prepared and sub-. mitted included all the necessary work as contemplated by the board of local improvements and as set out in the ordinance, and the total cost thereof was $56,300.45. An order was entered by the county court authorizing and directing Jerome J. Arnett to spread the assessment. The assessment roll was filed May 27, 1926. The report and certificate accompanying the assessment list showed it to have been made in accordance with the improvement ordinance pertaining thereto. The total sum of the roll was $31,-850.45, of which sum $2500 was assessed against the public as public benefits. A hearing was had on the confirmation of the assessment roll, to which certain property owners (some of whom, at least, are appellants here,) filed ninety-one separate and distinct objections. Four of these were withdrawn and all the remaining legal objections were overruled. On June 22, 1926, the court entered judgment confirming the special assessment proceedings. From that judgment the objectors have prosecuted an appeal to this court.

After the perfection of the appeal the city of Geneseo by its counsel made a motion in this court to strike the

bill of exceptions from the transcript of the record for the reason that the original bill of exceptions was incorporated into the transcript without its consent. The motion was allowed and the bill of exceptions was stricken.

We have previously stated the large number of objections filed by appellants, who say such were made necessary by the total disregard on the part of the city of the usual and customary terms and provisions of the Local Improvement act. It is in our judgment unnecessary to consider all the detailed contentions discussed in the briefs of appellants, and we are somewhat limited in our consideration of points made on account of the striking of the bill of exceptions. The chief contention of appellants, and in reality the only one of any consequence, may be said to be that the city of Geneseo in this improvement proceeding has assumed powers which have never been given to it by statute.

We presume we are warranted in saying, from statements made in the briefs of counsel, that this proposed improvement of a part of Oakwood avenue and Main street is a part of State Bond Issue Route No. 7 as designated under the act of 1917 (Laws of 1917, p. 696,) providing for a State-wide system of durable, hard-surfaced roads, and that such route along and over the streets here involved has been fixed and designated by the Department of Public Works and Buildings of the State of Illinois. The pavement contemplated varies in width, as we understand it, but is to connect with the completed eighteen-foot pavement of Route No. 7 near the south end of Oakwood avenue, in the city of Geneseo, thence extend north on said avenue to Main street, and thence west on Main street to within a few feet of the completed pavement of the same Route No. 7 at the westerly limits of the city. As was previously stated, the engineer's estimate included the work and materials for the entire width of the pavement—a complete and uniform improvement and as contemplated by the board

of local improvements. The total estimate was $56,300.45. The ordinance submitted by the board and as passed and adopted by the city. council specified the sum of $24,450 was to be paid by the State; that the State had agreed to pay that sum, and that such amount should neither be charged to the property to be assessed nor raised by general taxation. The assessment roll as spread totaled $31,-850.45, which was exactly the amount of the total estimate, less the sum agreed to be paid by the State for its share of the proposed improvement.

There is no question but that under authority granted to the city of Geneseo by its charter, by the adoption of article 9 of the Cities and Villages act of 1872 and the Local Improvement act of 1897, it had jurisdiction over its streets and power to improve them by special assessment. In June, 1925, this court held in the case of *Village of Glencoe* v. *Hurford,* 317 Ill. 203, that neither the State Aid Road act of 1913, the $60,000,000 Bond Issue act of 1917, nor the State Highway System act of 1921 has the effect of taking from cities and villages jurisdiction to improve by special assessment a street connected with the State highway system within the corporate limits of a city or village, as there is no provision in any of those acts which repeals the Local Improvement act or the Cities and Villages act. It was also held in *Village of Northbrook* v. *Sterba,* 318 Ill. 360, that the fact that the State had undertaken the improvement of eighteen feet of the center of a street does not deprive a village of the power or authority to improve any other portion of the street. Since the consideration of the laws mentioned in those cases the legislature on June 11, 1925, passed "An act in relation to the construction of durable hard-surfaced roads in cities, villages and towns and making an appropriation therefor." (Laws of 1925, p. 530.) It provided:

"Sec. 1. The Department of Public Works and Buildings is authorized and directed to construct and maintain

durable hard-surfaced roads within the corporate limits of cities, villages and towns upon the routes designated as Routes 1 to 46 inclusive by 'An act in relation to the construction by the State of Illinois of a State-wide system of durable hard-surfaced roads upon public highways of the State and the provision of means for the payment of the cost thereof by an issue of bonds of the State of Illinois,' approved June 22, 1917, in all cases where the streets or other thoroughfares from the corporate limits where the route enters the municipality are not paved, so as to make a continuous hard-surfaced road through the municipality or if the municipality is the terminus of said route, to such point within the corporate limits as will best serve traffic interests upon said route. The streets or other thoroughfares upon which durable hard-surfaced roads are to be constructed shall be such as in the discretion of the department afford the safest, most direct route and the one best adapted to the needs of persons making use of said routes.

"Sec. 2. The road so constructed in any municipality shall be of the same type and width as the road constructed upon the route outside the corporate limits of the municipality. However, by agreement between the Department of Public Works and Buildings and the council or board of trustees of the municipality, a road of greater width or different material may be constructed within the municipality by the Department of Public Works and Buildings and the municipality, the municipality paying for the excess cost, if any, for the greater width or different material. The municipality shall thereafter maintain that portion of the road constructed and paid for by it and the remaining portion only shall be maintained by the State.

"Sec. 3. There is appropriated to the Department of Public Works and Buildings from the road fund the sum of $1,000,000 or so much thereof as is necessary for carrying out the provisions of section 1."

Appellants contend since the enactment of this law the portions of unpaved roads over which State routes pass through cities and villages have been placed entirely and solely under the control and power of the Department of Public Works and Buildings, and that such cities or villages cannot in any manner include in a special assessment proceeding any portion of such street or road the improvement of which might be termed the State's share. The act particularly refers to situations arising under the so-called $60,000,000 Bond Issue act, (Laws of 1917, p. 696,) where the routes of hard roads are not paved within municipalities located thereon. The intention and purpose expressed in the act are, that a continuous hard-surfaced or paved road will exist or be made possible through every municipality located on all designated routes. In other words, that the various hard roads or the system of paved roads will be completely connected and without intervening gaps. The Department of Public Works and Buildings is authorized and directed to construct in any municipality such type and width of paved road as is constructed upon the route outside the corporate limits of such municipality. A paved road of greater width or different material "may be constructed within the municipality by the Department of Public Works and Buildings and the municipality" upon agreement between the parties, and in that event the municipality must pay any excess cost for such paved road and also maintain such additional road. There is no provision in this act whereby the municipality is denied the privilege of having a wider pavement than the one of which the route outside such municipality is constructed, nor is there any positive and plain restriction placed upon any municipality from proceeding to pave its streets over which a State bond issue road may pass. As said in the *Hurford case, supra,* the act here being considered refers neither to the Local Improvement act nor to the Cities and Villages act, and hence there is no expressed intention that the power of cit-

ies and villages to improve their streets has been abridged. If the legislature intended to deprive cities and villages of the right to construct pavements by special assessment in streets over which a State bond issue road passes, undoubtedly it would have clearly and positively expressed such purpose and intention in view of the decision in the *Hurford case, supra,* which was filed in April, 1925. The legislature has the power, by a law duly enacted, to deprive municipalities of all authority with reference to local improvements unless such law contravenes some provision of the State or Federal constitution. (*Village of Brookfield* v. *Ricker,* 295 Ill. 316.) The same department of government has by the act of June 11, 1925, authorized the construction within a municipality "by the Department of Public Works and Buildings and the municipality," of a paved road of greater width or of different material than that generally authorized in the same act.

In construing an act of the legislature it is the duty of the court to attempt to determine the intention of the legislature from the language of the act when all of its provisions are taken together and considered with reference to the purpose for which the legislation was enacted. The various acts pertaining to the establishment and maintenance of hard-surfaced roads in the State have been furthered from time to time until the manifest intention now presented is to have continuous hard-surfaced roads along the routes as planned and designated by the State. We are of opinion the act here under consideration and the Local Improvement act should be construed together with respect to those portions of the State highway system which lie within municipalities. If there is apparently any conflict between the two acts they should be so considered and interpreted as to make it possible to carry out the intention and provisions of the acts providing for the construction and maintenance of a complete system of continuous hard-surfaced roads. The improvement in Oakwood avenue and

Main street as planned by the board of local improvements included the central eighteen-foot pavement authorized to be constructed therein by the State of Illinois. The estimate included the total cost of the entire improvement. The ordinance recommended by the board and adopted by the city council among other things provided for the payment of the work by special assessment and set up that a certain sum was to be excluded from the cost to the property owners because the State of Illinois had agreed to pay that sum. In the absence of proof to the contrary we are warranted in the presumption that such *bona fide* arrangement had been made by the city with the Department of Public Works and Buildings. We think we are further warranted in saying, because it appears in the briefs of counsel and is borne out by the record itself, that the plans, specifications and estimate for this improvement had been previously approved by the department's engineers, with the understanding that the State of Illinois was to pay to the contractor for the improvement $18,207 and furnish 2987 barrels of cement, which made the State's total proportionate share amount to $24,450. The petition filed in the county court referred to the State's agreement to pay for part of the improvement, and the assessment roll was spread on that basis. The plan provided for a complete improvement as well as the financing thereof, whereby the proportionate shares of its cost were to be paid as authorized by the act of June 11, 1925, and the Local Improvement act.

We are unable to see that any owner of property affected would be unnecesarily burdened or taken advantage of because of the method adopted in the accomplishment of the improvement by the city. May it not be said that if this improvement should not be completed as authorized by and in substantial compliance with the ordinance therefor, any and all property owners affected thereby would be protected, under the provisions of section 84 of the Local Improvement act, in the same manner as would be the case

in the ordinary special assessment proceedings? We are convinced from a careful consideration of the case that the proper construction has been given to the act of 1925 and the Local Improvement act, having in mind the intention of the legislature and the purpose to be accomplished in this particular type of cases. Our conclusion violates no rule of public policy and works no hardship upon the property owner, so far as we are able to ascertain.

Another point made by counsel for appellants is, that the improvement ordinance was not properly published. The ordinance provided it should be in full force and effect from and after its adoption by the city council and approval by the mayor of the city. The adoption of the ordinance and the approval thereof were accomplished on May 24, 1926, and it was filed on the same date in the office of the city clerk, as shown by the latter's certificate. The only provision in the charter of the city, so far as we are able to find, relative to publication of ordinances has reference to an ordinance, regulation or by-law imposing a penalty, fine, imprisonment or forfeiture for a violation of its provisions. In the instant case the estimated cost of the proposed improvement was under $100,000, and therefore section 11 of the Local Improvement act, requiring publication of the ordinance in the proceedings of the council, or as otherwise provided in that section before its passage, does not apply. The ordinance did not impose any fine, penalty, imprisonment or forfeiture and hence did not come under the city charter provision. (*Village of Downers Grove* v. *Findlay*, 237 Ill. 368.) This objection is not well taken.

The judgment of the county court is affirmed.

*Judgment affirmed.*

DUNN and THOMPSON, JJ., dissenting.