## The National Bank of Decatur, Appellee, v. City of Gibson, Appellant.

### Gen. No. 8,463.

Opinion filed January 26, 1931. Rehearing denied April 10, 1931.

O. R. MIDDLETON and SIBYL H. MIDDLETON, for appellant.

REDMON & REDMON and C. M. SWANSON, for appellee.

MR. PRESIDING JUSTICE SHURTLEFF delivered the opinion of the court.

On July 14, 1928, appellee, the National Bank of Decatur, secured a judgment against appellant, City of Gibson, for $2,413.06, in the circuit court of Ford county.

On March 19, 1930, appellee filed its petition in said court praying a writ of mandamus directed to appel-

lant and its mayor and counsel, commanding them to pay to appellee its said judgment with interest and costs, out of moneys in appellant's treasury available for the purpose of paying judgments or from any moneys to be collected by appellant by virtue of its tax levy ordinance theretofore passed for the purpose of paying judgments against said city, but that if such money so collected has been expended for other purposes that appellee be paid out of moneys in appellant's general fund and "that said City shall take the necessary steps to pass a proper Appropriation and Tax Levy Ordinance to pay in full said judgment, with interest and costs thereon."

Appellee's petition, briefly, alleges: First, the recovery of said judgment; second, incorporation of appellant under Cities and Villages Act, Cahill's St. ch. 24, ¶ 1 *et seq.* and that its business is transacted by mayor and eight aldermen; third, authority of appellant to pass annual appropriation ordinance; fourth, power and duty of appellant to levy taxes, the manner thereof and the rate, which said rate exclusive of bonded indebtedness and interest thereon, pension funds, public library, municipal tubercular sanitarium "for a period of three years beginning with the year 1929 shall not exceed the rate of 1.07½ per centum in cities having a population of less than 150,000"; fifth, that appellant on July 24, 1928, and on August 28, 1928, passed its respective appropriation and levy ordinances setting them out *in haec verba;* sixth, that a certified copy of said levy ordinance was filed with the clerk of the county court and the necessary steps taken to collect the taxes; seventh, that appellant collected thereunder for the purpose of paying judgments the sum of to wit, about $5,000; eighth, that on July 23, 1929, and on September 10, 1929, appellant passed its respective appropriation and levy ordinances neither being set out but alleging that no

dollars were levied for the purpose of paying judgments; ninth, that said judgment is unpaid and that appellee has "frequently requested the said City of Gibson 'so to do' " and that appellant has refused and neglected to pay said judgment; tenth, on information and belief that no part of taxes collected by appellant for the purpose of paying judgments has been applied on appellee's or any other judgment.

In the appropriation ordinance of July 24, 1928, the following clauses were included: For the payment of any judgments that may be of record now or may in the future be entered against said city in any court, the sum of $15,000 to be known as the judgment fund; that all unexpended balances in said respective funds for the last preceding fiscal year are hereby reappropriated and added to the respective funds hereinabove appropriated for the present and fiscal year, and the tax levy ordinances of August 28, 1928, included the item: For the payment of judgment against said city $10,000.

The petition further contained the following allegations:

Petitioner further alleges and represents upon information and belief that the City of Gibson did by virtue of such annual appropriation bill and annual tax levying ordinance collect of the amount appropriated and levied for the payment of judgments against said City, the sum of, to wit, about $5,000, the exact amount of said sum collected being unknown to petitioner, and upon such information and belief so states the facts to be.

Petitioner further alleges and represents that the said City of Gibson did afterwards on, to wit, the 23rd day of July, A. D. 1929, pass its annual appropriation ordinance, and that among other items the said City of Gibson did in and by said ordinance appropriate for the payment of any judgments that may be of record

against said city the sum of $5,000, to be known as the judgment fund.

Petitioner further represents that the said City of Gibson did afterwards also on the 10th day of September, A. D. 1929, pass its annual tax levying ordinance in and by which said ordinance said City of Gibson did levy a tax of no dollars for the payment of judgments against said City of Gibson, and that a certified copy of said ordinance was filed with the clerk of the said county of Ford, in the manner provided by law, and that the necessary steps were taken to collect the taxes assessed by said ordinance.

To this petition appellant filed a general demurrer, which was overruled, and appellant having elected to stand by its demurrer, the writ of mandamus was ordered and appellant prayed this appeal.

It is contended that the petition does not properly and sufficiently set out the passage of the ordinances, the votes cast for them or that they or either of them were in any manner published. The petition alleges that they were "passed." This is an allegation of an ultimate fact and not a conclusion of law, and the allegation covers all of the steps necessary to be taken to properly pass and render the ordinance effective. (*People v. Coffin*, 279 Ill. 401, 406; *People v. Armstrong*, 196 Ill. App. 199.)

Appellant points out the defect that the petition recites that the tax levy ordinance was filed, by a certified copy, with the clerk of the county court when it should have been filed with the county clerk. The county clerk and the clerk of the county court are one and the same person. If the ordinance was filed with the clerk of the county court, it was also filed with the county clerk. Section one of chapter 131 on the construction of statutes, provides that "the words 'county clerk' shall be held to include clerk of the county court, and the words 'clerk of the county court'

to include 'county clerk'." Cahill's St. ch. 131, ¶ 1. There is nothing to the contention.

Appellant also says in its argument that the general rule is that before applying for a mandamus the petitioner should make an express and distinct demand or request of the defendant to perform the duty or act required, and cites as authority on that proposition *People v. Mt. Morris,* 137 Ill. 576. We have examined the case cited and the rule is so stated in that case.

In the *Mt. Morris* case no demand or request of any kind had been made before filing the petition, so far as was shown by the petition, and the court held that before applying for a mandamus the petitioner should make an express demand or request of the defendant to perform the duty or act required, and that there must be a refusal by the defendant to comply with such demand, either in direct terms, or by conduct by which a refusal can be conclusively implied.

However, appellee contends and points to *Langan v. Drainage Dist.,* 239 Ill. 430, where exactly the same question was raised. In that case a demurrer, both general and special, to the petition was filed, and at page 439 of the opinion the court say:

"Appellants contend that the averment that petitioner requested the drainage commissioners to deepen and enlarge the ditches is not a sufficient averment of a demand. We think otherwise. The averment of demand in the petition in *Kreiling v. Nortrup, supra,* was in identically the same language as the averment of demand in this case and it was treated as sufficient. From the answer filed in *Peotone Drainage District v. Adams, supra,* it would seem the allegation of demand in that case was the same as in this."

It is the opinion of this court that the allegation in the petition that no part of appellee's judgment had been paid, although petitioner has frequently requested the said City of Gibson so to do, is a sufficient demand under the authority above quoted.

It is next contended in support of the demurrer that the allegations of the petition as to appellant having moneys on hand sufficient to pay the judgment are made upon information and belief and are insufficient. The exact language of the petition is: "Petitioner alleges upon information and belief that the City of Gibson did by virtue of . . . collect of the amount appropriated and levied for the payment of judgments against said City, the sum of, to wit, about $5,000, the exact amount of said sum collected being unknown to petitioner, and upon such information so states the facts to be."

The petition further states upon information and belief that no part of the taxes collected by said City of Gibson as aforesaid, for the purpose of paying judgments against said City, has been paid upon or applied to the payment of the judgment of your petitioner, or any other judgment against said City of Gibson, and upon such information and belief so states the facts to be. Appellant insists that the exact fact should be alleged; that the books are open and such facts do not need to be stated "upon information and belief." The objection at first blush appears plausible, but upon reflection it is not so simple. No one knows what the records of the city treasurer or other public officer show except the official in charge. That statement of the rule is too broad, because the knowledge and statement of the official as to a record is the merest hearsay and cannot be depended upon. The only way one can speak with knowledge as to a public record is under section 14 of chapter 51 of the Revised Statutes—the Evidence Act, Cahill's St. ch. 51, ¶ 14. This section provides: "The papers, entries, records and ordinances, or parts thereof, of any city, village, town or county, may be proved by a copy thereof, certified under the hand of the clerk or the keeper thereof, and the corporate seal, if there be any; if not, under his

hand and private seal." In *Village of Brookfield v. Ricker*, 295 Ill. 316, 319, it is held: "It may be noted in this connection that some of the proof with reference to the action of the county authorities as to the improvement of Ogden avenue through the village of Brookfield was not made by the records of the county board or the county highway commissioners. The action of the county board of highway commissioners or other public authorities of the county or State can only be properly shown by the records kept by those authorities. *People v. Chicago & Alton Railroad Co.*, 273 Ill. 452, and authorities cited; see also, *Lindblad v. Town of Normal*, 224 Ill. 362, and authorities cited."

Even the book in which the record is kept is known only to the official in charge and it results, if the objection is well taken, that the pleader, to set out a proper petition, must submit his evidence in the petition. Much convenience in this line has been afforded the bar and public as to ordinances by the statute permitting the publication of ordinances with a certificate, and the late act requiring courts to take judicial notice of all ordinances of cities and villages, not yet of complete judicial determination. But there are no similar, liberal rules as to determining the records of city treasurers, and in all such cases the pleader must either set out the evidence upon which he rests his cause, or, of necessity, whatever language he uses must be based upon information and belief. In this connection we must understand that the statement of the person holding the official position is not the statement of the officer in any official capacity, and if not under oath or under certificate is entitled to no judicial reliance.

Appellant in this cause is resting its demurrer upon the allegations in the petition that are in the nature of negative averments. Appellant insists that the petition does not show but that appellee did not pass said

ordinances, did not collect $5,000 under the tax levy ordinance to apply upon said judgment and did not pay out said tax moneys upon other judgments, so that it has no moneys or funds to apply upon appellee's judgment, etc. The rule of evidence in this respect is fully laid down in *Abhau v. Grassie,* 262 Ill. 636, 638, as follows: "The general rule is that the burden of proof rests upon the one who substantially asserts the affirmative of the issue,—that is, upon the party who would be defeated if no evidence at all were offered. (*Stephens v. St. Louis Union Trust Co.,* 260 Ill. 364; 1 Greenleaf on Evidence,—16th ed.—sec. 74.) The burden of proof does not depend upon the form of the proposition. The weight of authority is, that whoever asserts a claim or defense which depends upon a negative must establish the truth of the allegation (Jones on Evidence,—2d ed.— sec. 179), for that particular fact is essential to his case. (2 Chamberlyne on the law of Evidence, sec. 984.) It is, however, sometimes stated, that where the subject matter of a negative averment lies peculiarly within the knowledge of the other, the averment is taken as true unless it is disproved by that other party. (1 Greenleaf on Evidence, —16th ed.—sec. 79; *Kettles v. People,* 221 Ill. 221.) It is not easy to lay down a general rule by which it may be readily determined upon which party the burden of proof will lie when a negative is averred in the pleading. Each case depends upon its own peculiar circumstances. 'Courts must apply practical common sense in determining the question. When the means of proving the fact are equally within the control of each party, then the burthen of proof is upon the party averring the negative; but when the opposite party must, from the nature of the case, be in possession of full and plenary proof to disprove the negative averment, and the other party is not in possession of such proof, then it is manifestly just and reasonable that the party thus in the possession of the proof should

be required to adduce it,' or it will be presumed that it does not exist. *Great Western Railroad Co. v. Bacon,* 30 Ill. 347. See 4 Wigmore on Evidence, sec. 2486.''

The same rule is laid down in *Great Western R. Co. v. Bacon,* 30 Ill. 347, in *Williams v. People,* 121 Ill. 84, 90, and in many other cases. We cannot hold that petitioner is obliged to plead its evidence, and we must therefore hold that the allegations of the petition were sufficient. It is argued by appellant that even though there were sufficient allegations as to the collection of the tax it did not follow that the funds were in the treasury at this time. But under section four of article eight of chapter 24 of the Revised Statutes, Cahill's St. ch. 24, ¶ 118, it was the duty of the City of Gibson and its treasurer, when the tax collections had been made for that year, to determine what proportion of the total amount of taxes collected shall be applicable to the payment of such particular debt, appropriation or liability, and that it was the duty of the city treasurer to set apart such proportion of the taxes collected and paid to him for the payment of such particular debt, appropriation or liability, and to not disburse the same for any other purpose until such debt, appropriation or liability shall have been discharged.

In view of what we have said and the authority of *People ex rel. Com'rs. of Drain. Dist. v. Schwartz,* 244 Ill. App. 137, we are of the opinion that all of the objections pointed out are mere matters of form, if at all defective, and cannot be reached by a general demurrer.

The averment in the petition that petitioner frequently requested the City of Gibson to pay its judgment is a sufficient demand. (*Langan v. Drainage Dist.,* 239 Ill. 430, 439; *Kreiling v. Nortrup,* 215 Ill. 195.)

Finding no error in the judgment of the circuit court of Ford county, the same is affirmed.

*Affirmed.*