ROBERT R. CLARK *et al.*

*v.*

THE CITY OF CHICAGO.

*Opinion filed October 23, 1907.*

1. SPECIAL ASSESSMENTS—*evidence must make clear case to justify court in holding an ordinance unreasonable.* The power of a court to hold an improvement ordinance void for unreasonableness will be exercised with great caution, and only when the evidence shows a clear and strong case will a court interfere, upon that ground, to prevent the enforcement of the ordinance.

2. SAME—*county court's apportionment of cost of improvement is not open to review.* The county court's apportionment of the cost of a local improvement between the property owners and the public is a question which is not open to review by the Supreme Court upon appeal or writ of error.

3. SAME—*what evidence is not conclusive that property will not be benefited.* Testimony of the tenants of property specially assessed for a paving improvement that their business will not be benefited by the improvement is not conclusive evidence that the property itself will not be benefited by the improvement.

4. SAME—*effect where property alleged to be benefited is not assessed.* The fact that the superintendent of special assessments, in making up the assessment roll, has omitted to assess property which the objecting property owners claim will be benefited is not ground for re-casting the roll, unless the acts of the superintendent in spreading the assessment have been so negligent and improper as to be, in effect, fraudulent.

APPEAL from the County Court of Cook county; the Hon. W. L. POND, Judge, presiding.

On May 28, 1906, the city council of the city of Chicago passed an ordinance providing that Elston avenue, from the north-easterly line of Milwaukee avenue to a line parallel with and 215 feet south-east of the south line of West Division street, (except the roadway of Elston avenue from a line parallel with and 60 feet south of the south line of Augusta street produced east to the north line of Cornell street

produced west,) be improved by adjusting sewers, catch-basins, man-holes, constructing new catch-basins, plastering curb walls, re-setting curb-stones and curbing with sand-stone curb-stones on limestone blocks, grading, and paving with granite blocks. The recommendation of the board of local improvements estimated the cost of the improvement at $26,000. On June 26, 1906, the city filed a petition in the county court of Cook county praying that steps be taken to levy a special assessment for said improvement in accordance with the provisions of said ordinance and in the manner prescribed by law, and a copy of the ordinance was attached to the petition.

The appellants Mooney and Bechtel are the owners of block 18 on the west of Elston avenue and the south parcel of block 19 on the east of said avenue. Said block 18 is occupied by the Lake Tanning Company, and the south parcel of block 19, together with the north part of block 1, is occupied by the Chandler Lumber Company. Appellant Clark is the owner of block 1 on the east side of Elston avenue and also of lots 36 and 37 in block 17 on the west side of said avenue. The portion of block 1 south of the Chandler Lumber Company is occupied by the Eldridge Coal Company.

Upon the filing of the petition the court entered an order directing the superintendent of special assessments to make a true and impartial assessment of the cost of said proposed improvement. On September 14, 1906, the superintendent of assessments filed his assessment roll, taxing the entire cost of the proposed improvement against the abutting property along the line of the proposed improvement. Appellants filed their objections and the cause came to a hearing March 7, 1907. The court overruled all legal objections, and upon a hearing on the question of benefits, a jury having been waived, on March 8, 1907, an order was entered modifying the assessment roll. It was ordered that the city should be assessed twenty per cent of the total cost

of the proposed improvement, amounting to $5200, and the assessment against the property owners was reduced accordingly.    Judgment of confirmation was entered March 15, 1907, and appellants have prosecuted an appeal to this court.

RITSHER, MONTGOMERY, HART & ABBOTT, for appellants.

GEORGE A. MASON, and FRANK JOHNSTON, JR., (EDWARD J. BRUNDAGE, Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

One of the principal objections urged by appellants in this case is, that the ordinance ordering the improvement in question is unreasonable and oppressive, and therefore void. There is no question as to the authority of the courts to review the legislative acts of municipal councils to the extent of declaring their ordinances void for unreasonableness. (*City of Chicago* v. *Rumpff,* 45 Ill. 90; *Tugman* v. *City of Chicago,* 78 id. 405; *Hawes* v. *City of Chicago,* 158 id. 653.) This judicial power will, however, be exercised with great care and caution. This court has been called upon in numerous instances to pass upon the question of the reasonableness or unreasonableness of ordinances. A recent case is that of *City of Belleville* v. *Pfingsten,* 225 Ill. 293, where it is said that in such case "the court must have regard to all existing circumstances, contemporaneous conditions, objects sought to be obtained and the necessity or want of necessity for its adoption. To justify the court in interfering on questions of this kind requires a clear and strong case, but it is the duty of the court, when such case is presented, to protect against arbitrary and oppressive ordinances." In that case a number of previous decisions are collected in which this question has been discussed and passed on by this court. From the facts and circumstances in the case at bar

as disclosed by the record we are unable to say that such a clear and strong case is presented as to require the interference of the court to prevent the enforcement of the ordinance in question. There has been no unjust discrimination, no legal provisions have been violated and the tax has been laid in accordance with the methods prescribed by law. The evidence shows that the street in question was last paved with wooden blocks a number of years ago, that such pavement is now useless, and that teams passing to and fro follow the pavement on the street car line. The testimony of a number of witnesses tends to show that the contemplated improvement will facilitate travel on the street, and in view of the heavy hauling thereon it is not unreasonable to pave Elston avenue with granite blocks, as provided for in the ordinance. It is true that witnesses who were tenants of appellants occupying the property for which the objections have been filed, testified that their business would not be benefited by paving this street, but this cannot be accepted as conclusive evidence that the property would receive no benefit from the proposed improvement. This court cannot say that the ordinance in question is unreasonable and void, and there was no error in overruling appellants' objections in this regard.

It is further insisted by appellants that the court erred in apportioning the amount to be paid between the property owners and the public, and that the appellants were assessed more than their *pro rata* share and more than their property would be benefited. This question is not open to review in this court. *Graham* v. *City of Chicago*, 187 Ill. 411.

Appellants further contend that certain property not included in this assessment roll will be benefited by this improvement and should have been assessed. When the superintendent of assessments made up the assessment roll in this case the law presumes that he exercised a sound judgment and discretion in the matter, and this presumption will be indulged until the contrary is shown; also, when he omit-

ted from the assessment certain property it will be inferred, until the contrary is shown, that some good reason arising out of the character and situation of the property existed, and not that he acted negligently or improperly. Unless the superintendent of assessments acted so negligently and improperly in spreading the assessment that, in effect, his acts were fraudulent, the assessment will not be re-cast. (*Allen* v. *City of Chicago,* 176 Ill. 113; *Betts* v. *City of Naperville,* 214 id. 380.) In the case at bar there was no allegation of negligence or of fraud on the part of the superintendent of assessments and no evidence to that effect. The court committed no error in overruling this objection.

From the foregoing views it follows that the findings of the court should be sustained, and therefore there was no error in refusing appellants' motion to amend them.

The judgment of the county court of Cook county is affirmed.

                                    *Judgment affirmed.*