THE CITY OF CHICAGO, Appellee, *vs.* MARSHALL S. MARSH *et al.* Appellants.

*Opinion filed June 20, 1911.*

1. SPECIAL ASSESSMENTS—*an assessment roll is prima facie evidence of amount of benefits.* The assessment roll is *prima facie* evidence that the property is benefited to the extent of the assessment, on the true legal theory.

2. SAME—*basis of assessment is the enhanced market value of the property.* The basis of a special assessment is the enhanced market value of property, and the benefit or detriment to the occupant of the premises in his business cannot determine that question, though it may be proper for consideration in determining it.

3. SAME—*what does not show that sidewalk will be a detriment instead of a benefit.* The fact that the property along which a sidewalk is to be built is used for heavy manufacturing purposes, and that there are several crossings for teams which will be interfered with and be likely to cause injury to pedestrians, who will be attracted in greater numbers if the sidewalk is built, does not show that the sidewalk will be a detriment and not a benefit.

APPEAL from the County Court of Cook county; the Hon. FRANK G. PLAIN, Judge, presiding.

MONTGOMERY, HART & SMITH, for appellants.

GEORGE A. MASON, and WILLIAM T. HAPEMAN, (ED-WARD J. BRUNDAGE, Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

This is an appeal from the confirmation of a special assessment for a cement sidewalk six feet wide on Elston avenue, in the city of Chicago. A reversal is asked upon the ground that the property of appellants is assessed more than it will be benefited by the proposed improvement.

The appellants' property is situated on the east side of Elston avenue, bounded on the south by the elevated right of way of the Chicago and Northwestern railway and on the easterly side by the north branch of the Chicago river. It has docks on the river and switch tracks connecting with the railroad. Elston avenue in front of the property is a granite-paved thoroughfare. The neighborhood is devoted almost wholly to manufacturing and jobbing in heavy materials. The appellants' property being the only property in the vicinity having combined water and rail shipping facilities and abutting upon a street mainly used for heavy teaming, is especially adapted for heavy manufacturing or jobbing in such materials as iron, coal and lumber, and is now devoted to those uses. The surface of the property is from two to five feet below the level of Elston avenue. A high board fence extends along the entire front of the property next to the sidewalk. There are three team openings in the fence, through which heavy traffic is constantly moving. The appellants introduced testimony that the improvement would not benefit the property but would injure it by attracting many more pedestrians to that side of the

street, who would be in the way of the teaming and would be a nuisance and bother and would be getting hurt; that the walk, if built as proposed, would naturally crack and break and leave bad places; that the ordinance provided for no retaining wall, and the weather would cause the walk to settle and break; that it would be injured by reason of the heavy traffic across it, and that no cement sidewalk could stand the strain of this heavy hauling. The appellee's superintendent of sidewalks testified that in his opinion the property would be benefited not less than two dollars a front foot.

The basis of the appellants' objections is, that the increased use by the public of the sidewalk will interfere with the use of it by appellants' tenants, and thus be a detriment instead of an advantage to the business conducted on their property. This view cannot be accepted as conclusive evidence that the property itself would receive no benefit from the proposed improvement. The basis of the assessment is the enhanced market value of the property. The benefit or detriment to the occupant of the premises in his business cannot determine that question, though it may be proper for consideration in forming a judgment. (*Clark* v. *City of Chicago,* 229 Ill. 363; *Jones* v. *City of Chicago,* 206 id. 374.) The assessment roll was *prima facie* evidence that the property was benefited to the extent of the assessment on the true legal theory. (*Chicago Union Traction Co.* v. *City of Chicago,* 207 Ill. 544.) We cannot say that this evidence was overcome by the testimony on behalf of appellants or that the judgment is palpably against the weight of the evidence. The judgment must therefore be affirmed. *Clark* v. *City of Chicago,* 214 Ill. 318; *Morton* v. *City of Chicago,* 228 id. 201.

*Judgment affirmed.*