THE CITY OF CHICAGO, Appellee, *vs.* CHARLOTTE HIRSCHL, Appellant.

*Opinion filed October 24, 1916.*

1. SPECIAL ASSESSMENTS—*when judgment of the city council is conclusive as to whether improvement is necessary.* The necessity, character and extent of an improvement are committed to the judgment of the city council, and its judgment is conclusive unless the court is clearly satisfied that its action has been oppressive and without reasonable grounds.

2. SAME—*ordinance requiring two water mains in one street is not unreasonable.* An ordinance requiring two water mains in a street cannot be said to be so unreasonable as to constitute an abuse of discretion by the council where the objector offers no evidence and the city introduces a general ordinance providing that two water mains shall be laid in streets of exceptional width which are to occupied by street car tracks and makes proof tending to bring the street to be improved within the terms of such ordinance.

3. SAME—*assessment roll prima facie evidence of correctness of amount assessed.* The statute makes the assessment roll *prima facie* evidence of the correctness of the amount assessed against each objecting owner, and the introduction of the assessment roll makes a *prima facie* case.

4. SAME—*what issues raised by objection that special assessment is unjust.* Where the objection to a special assessment is that it is unjust and oppressive the issues to be tried are whether

the property will be benefited as much as it is assessed and whether it is assessed more than its proportionate share of the cost.

5. SAME—*what determines whether property is assessed more than its proportionate amount.* The question whether an owner's property is assessed more than its proportionate amount is to be determined by inquiring what proportion the assessment bears to the whole amount assessed on all the lands and lots, and not by comparing it with the assessment on any particular lot or lots.

APPEAL from the County Court of Cook county; the Hon. S. N. HOOVER, Judge, presiding.

HIRSCHL & HIRSCHL, for appellant.

HARRY F. ATWOOD, and WILLIAM E. MASON, (SAMUEL A. ETTELSON, Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

This appeal is from the confirmation of a special assessment for the cost of water supply-pipes laid in certain streets. The appellant's objections which are argued are, that the ordinance was unreasonable in requiring two mains to be placed in Crawford avenue, on which the objector's property fronts, while only one main is laid in the other streets; that there is an unjust distribution of the cost between the public and the private property and an unjust discrimination between the parcels of private property, the objector's property being assessed $950 while corresponding property upon another street further west was assessed only $709.

No evidence was introduced on the part of the appellant. It was shown by the city that in 1914 an ordinance was passed directing that in streets of exceptional width and streets which were to be occupied by car tracks the city should lay two water mains for the purpose of eliminating long service pipes, which would cross under the tracks from one side of the street, and that plans had been made to

carry out the provisions of that ordinance; that Crawford
avenue is a section line street and there is every reason to
suppose that it will be used as a car line street; that the
advantage of putting in two mains is that it removes the
necessity for having service pipes under the car tracks, it
shortens the service pipes, thereby reducing the cost to the
property owners, and that it makes it unnecessary to put in
so many service pipes but they can be left to be installed
when needed.

We cannot say that an ordinance requiring two water
mains in a street is so unreasonable as to constitute an abuse
of discretion by the council or an arbitrary imposition of
an unjust burden upon the owners of property. The neces-
sity, character and extent of the improvement are commit-
ted to the judgment of the city council, and their judgment
is conclusive unless the court is clearly satisfied that their
action has been oppressive and without reasonable grounds.
(*City of Marengo* v. *Eichler,* 245 Ill. 47.) This case is not
of that character. There may be fair room for difference
of opinion as to the desirability of having two water mains,
but we cannot say that the decision of that question by the
council was unreasonable, unjust or oppressive.

The statute makes the assessment roll *prima facie* evi-
dence of the correctness of the amount assessed against each
objecting owner. The issues to be tried were whether the
property would be benefited as much as it was assessed and
whether it was assessed more than its proportionate share of
the cost of the improvement. There was no evidence on
these issues. The appellant insists that because her property
was assessed a greater amount than that of other owners
similarly situated on other streets the assessment should be
the same. It has been often held that the question whether
an owner's property is assessed more than its proportionate
amount is to be determined by inquiring what proportion
the assessment bears to the whole amount assessed on all
the lands and lots and not by comparing it with the assess-

ment on any particular lot or lots. (*City of East St. Louis v. Illinois Central Railroad Co.* 238 Ill. 296; *Clark* v. *City of Chicago,* 166 id. 84.) The total amount of the assessment was $23,811.45, of which $20,668 was assessed upon the abutting property and $3143.45 against the city. There was no evidence tending to contradict the *prima facie* case made by the introduction of the assessment roll.

The judgment of the county court will be affirmed.

*Judgment affirmed.*