(No. 12891.—Judgment modified and affirmed.)

THE COMMISSIONERS OF BOONE'S POND MUTUAL DRAINAGE
DISTRICT, Defendants in Error,. *vs.* RONALD O'DANIEL
*et al.* Plaintiffs in Error.

*Opinion filed February 18, 1920.*

1. DRAINAGE—*effect of striking objections from files.* Striking
the objections from the files on the hearing of a drainage assess-
ment amounts to a holding that the facts stated in them constitute
no legal objection to the confirmation of the assessment.

2. SAME—*one land owner cannot object that property of an-
other is misdescribed in notice.* The object of the notice required
to be published before the hearing of a drainage assessment is
to inform the land owners of the amount of the proposed assess-
ment upon all the lands, the amount of the individual's assessment
and the time and place of the hearing, and one land owner cannot
object that the land of another is misdescribed in the notice.

3. SAME—*what determines whether one land owner is assessed
more than his proportionate share.* The question whether one land
owner is assessed more than his proportionate amount of a drain-
age assessment is to be determined by inquiring what proportion
his assessment bears to the whole amount assessed on all the lands
and not by comparing it with the amount of the assessment of any
particular tract.

4. SAME—*court cannot make assessment payable as of a date
prior to confirmation.* Under section 5 of the act for the assessment
of lands, railroads, highways and municipal corporations which
have been benefited by a drainage improvement, (Hurd's Stat. 1917,
p. 1012,) the first installment of the assessment may be paid, with-
out interest, thirty days after the confirmation, and the court con-
firming the assessment is not authorized to declare it payable as
of a date prior to the confirmation.

WRIT OF ERROR to the County Court of Jackson county;
the Hon. W. F. ELLIS, Judge, presiding.

MARTIN & GLENN, (LAWRENCE A. GLENN, of counsel,)
for plaintiffs in error.

R. J. STEPHENS, for defendants in error.

Mr. Chief Justice Dunn delivered the opinion of the court:

Boone's Pond Mutual Drainage District was organized and a system of drainage constructed many years ago. In 1914 a further improvement was constructed, for which an assessment amounting to $15,389.50 was levied. A part of this assessment remained uncollected on account of errors in the spreading of it. In 1917 an act was passed by the legislature to authorize the levying of special assessments upon lands, railroads, public highways and municipal corporations situate within any drainage district so as to provide the funds necessary to pay the cost of construction, for benefits which shall have been conferred by the construction of any work of improvement without special assessments having been legally levied prior thereto, and providing for the issuance of bonds payable out of such special assessments authorized by this act to be levied. (Laws of 1917, p. 429.) On September 13, 1918, the commissioners of Boone's Pond Mutual Drainage District adopted a resolution in accordance with the provisions of section 2 of this act, in which they ascertained and determined that the cost of the improvement last mentioned, with the necessary and reasonable incidental expenses thereof, was $16,928.45, exclusive of interest accrued thereon, and ordered that a special assessment of $20,229.60, which sum included interest at six per cent on the cost of the improvement from a date thirty days after the completion of the work, be levied upon all lands, railroads and public highways within the district. The resolution included an assessment roll, which apportioned the amount of the assessment and indicated the amount of credits allowed on account of payments made on a previous assessment. On September 16, 1918, a petition was filed by the commissioners in the county court of Jackson county for the confirmation of the assessment. October 2 was the date fixed for the hearing, and on that

291 — 34

day an order was entered confirming the assessment as to all persons interested except Ronald O'Daniel, George O'Daniel and Andrew Korando, who were given until October 5 to file objections, at which time they filed objections limiting their appearances and moved to quash the proof of publication and mailing of notices on the ground that notices had not been published in accordance with the requirements of section 3 of the act. The specific objection to the publication was that the first notice, which was published on September 20, described the lands of William Buening as being in section 25, town 8, south, range 5, west of the third principal meridian, instead of in section 26, and that certain land of Joseph Korando was also improperly described; that only two publications of notices were made, and that they did not describe the same property as being affected in the proceeding; that in one notice certain lands were included as being contained in the assessment roll, and in the other notice certain other lands were included as being contained in the assessment roll. On motion of the commissioners these objections were stricken from the files, judgment was rendered confirming the assessment, and Ronald O'Daniel and George O'Daniel have sued out a writ of error.

Plaintiffs in error contend that the court had no jurisdiction to confirm the assessment against them. Striking the objections from the files amounted to holding that the facts stated in them constituted no legal objection to the confirmation of the assessment. *City of Mt. Carmel* v. *Risley,* 263 Ill. 299.

The notice required by the statute is notice published in a newspaper not less than ten days prior to the date fixed for hearing, with another insertion not less than three days after the first. The notice was required to include a copy of the assessment roll. The objection made to this publication is that the first notice improperly described two tracts of land in the district, neither of which belonged to either

of the objectors. No claim was made that the land of objectors was not properly described. The object of the notice was to inform the land owners of the amount of the assessment which it was proposed to levy upon the lands in the district, the amount of the individual's assessment and the time and place when the hearing would be held. The objection of the plaintiffs in error is not that they were not notified of all these things, but that two other land owners in the district were not notified. This was a matter which concerned the other land owners but not the plaintiffs in error. The assessment of the owners whose lands were misdescribed could not affect the assessment of the plaintiffs in error. It is true that the plaintiffs in error and all other interested persons had a right to object to the apportionment of the assessment as well as to the total amount to be assessed, but the question whether their property was assessed more than its proportionate amount was to be determined by inquiring what proportion the assessment bears to the whole amount assessed on all the lands, and not by comparing it with the amount of the assessment of any particular tract. This is the rule in special assessment cases. (*City of Chicago* v. *Hirschl*, 275 Ill. 60; *City of Chicago* v. *Chicago Railways Co.* 282 id. 383.) The principle is equally applicable to drainage assessments. The object in requiring a copy of the assessment roll is to notify each individual of his assessment, and if a mistake occurs in the copy it affects only the person whose property is omitted or misdescribed.

The court ordered the assessment to be divided into two equal installments, the first of which should be deemed due and payable in cash as of the first day of October, 1918, and the second on the first day of October, 1919. Section 5 of the statute provides that as soon as the assessment shall have been confirmed it may be paid within thirty days of the date of such confirmation without interest, but interest shall be payable on each of the respective assessments

after the expiration of said thirty days, at the rate of six per cent per annum. The hearing was on October 14, 1918, and the court was not authorized to confirm the assessment and declare it payable as of a date prior to the confirmation when the statute extended the time of payment for thirty days after that date, without interest.

The judgment will be modified by substituting for the dates October 1, 1918, and October 1, 1919, when the installments were respectively payable, the dates November 14, 1918, and November 14, 1919. As modified the judgment will be affirmed and the defendants in error will pay the costs. *Judgment modified and affirmed.*