(No. 20639.—

THE VILLAGE OF MILLSTADT, Appellant, *vs.* FRED BEREIT-
SCHAFT *et al.* Appellees.

*Opinion filed June 18, 1931.*

L. N. NICK PERRIN, JR., for appellant.

PRESTON K. JOHNSON, for appellees.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

The village of Millstadt filed its petition in the county court of St. Clair county for the condemnation of a right of way for an outlet sewer and for the confirmation of a special assessment to pay the cost of a sanitary sewer system. A number of land owners appeared and filed legal objections; certain of the objections were sustained and the petition was dismissed. The village prosecutes this appeal from the order of dismissal.

Millstadt is a village in St. Clair county and has approximately one thousand inhabitants. Workmen engaged in various occupations and retired farmers compose a considerable portion of the population and a majority of them own their homes. The public buildings include the village hall, two schools, and four churches, and among the business establishments are a bank, a hotel, a newspaper office, a drug store, a bakery, several general stores, two blacksmith shops and a lumber yard. The industries located in the village comprise a grist mill, a creamery, a knitting mill employing from twenty to twenty-five young women, and a flour mill which has about twelve employees.

Within the boundaries of the district which the commissioners appointed by the county court reported would be benefited by the proposed improvement are approximately 230 houses as well as the business and industrial buildings of the village. The unimproved lots do not constitute an extended area because they are generally used or occupied in conjunction with improved properties. The houses, with few exceptions, are small; water for domestic purposes is drawn from wells and cisterns and the houses are not equipped with bath-rooms. There are seventy-seven private

water systems in the proposed sewer district and they are operated by hand or electric power. Fifty houses have septic tanks which empty into individual drains. Sewage in many instances reaches the gutters in the streets and often creates offensive odors. The village drains into a creek which in summer is dry most of the time.

The proposed sewer is designed with a fall which will effect a flow, when half filled, of two feet per second. Instead of an ordinary septic tank, the installation of an Imhoff tank is specified. By the use of this tank, the solids settle in the lower compartment, the sludge is drawn off without pumping and the liquid flows through to the drain. This process eliminates from the sewage ninety per cent of the solids and deposits the remaining ten per cent in the outlet. In the absence of a water supply system, flushing the sewage in the home must be done by bucket or a driving plant and the latter requires a tank in or about the house. The estimated cost of the proposed improvement, including $850 for right of way and property damaged, is $61,340. Of this sum, $497 is assessed as public benefits and $60,843 against private property.

No question is raised concerning the preliminary proof made by the appellant. The legal objections filed by the appellees are that the ordinance for the proposed improvement is oppressive and unreasonable because: (1) The appellant has no public water supply or distribution system and in consequence, use cannot be made of the proposed sewer; (2) the disposal plant will not drain into a watercourse through which water flows continuously, but into a creek which during long periods of time is dry; (3) the community has no present need for a sanitary sewer system, and when the small population to be served is considered, the cost is exorbitant; (4) the plan contemplates an unnecessary duplication of sewers in a particular street, and (5) a public water supply system must be laid and constructed before the proposed sewer can be made available.

Forty-six witnesses testified, twenty-nine for the appellees and seventeen in behalf of the appellant. The substance of the evidence introduced by the appellees is that the village is small and its buildings are cheaply constructed; that the vacant lots are not worth in excess of $100 each and there is no demand for them; that since the village has no water supply system, the proposed sewer is impracticable and the ordinance which provides for its construction is unreasonable; that the assessment against each vacant lot exceeds its value; that the cost of the proposed improvement will be burdensome, if not confiscatory, and that no corresponding benefit can be derived from its construction.

From the evidence introduced by the appellant, it appears that water stands in cellars when the rainfall is heavy; that sewage is emptied into gutters in the streets and where it is stagnant the odors are extremely offensive; that drainage and infiltration will augment the water from the tanks of the proposed sewer; that there will be sufficient infiltration of water into the sewer to carry the solids away; that several public wells and three ponds are available to operate the proposed sewer whenever necessary, and that sewer systems in the United States and in foreign countries are operated without a public water supply. It further appears from the evidence of the appellant that vacant lots in the village are valued from $200 to $300; that properties occupied as residences range in value from $500 to $10,000 and business properties from $2500 to $60,000; that the proposed improvement, when completed, will create a demand for the vacant lots; that one of the streets in which it is proposed to lay a sewer has been improved by the State as a State highway and if a single sewer should be laid along one side of the pavement, it would be necessary to tunnel under the pavement to connect the sewer with the lots and parcels of land on the opposite side of the street; that the State highway department will not permit exca-

vations to be made under the pavement and the cost of making such excavations will exceed the cost of an additional sewer and that, for these reasons, two lines of sewer, one along each side of the pavement, are provided by the ordinance.

The question of the necessity of a local improvement, its character, where, when and how it shall be constructed and paid for are legislative in their nature and the legislature has committed them to the corporate authorities of cities, villages and incorporated towns for determination. It is only where the evidence is clear and satisfactory that the action of the municipal authorities was taken without reasonable grounds and is oppressive that the judiciary will interfere to declare an ordinance for a local improvement unreasonable. If there is a basis for a difference of opinion the action of the council or board is final. The presumption is always in favor of the validity of an ordinance which has been passed by competent, legal authority. (*City of Marengo* v. *Eichler*, 245 Ill. 47; *Village of Bradley* v. *New York Central Railroad Co.* 277 id. 608; *City of Chicago* v. *Kehilath Anshe Mayriv*, 284 id. 210; *City of Carbondale* v. *Reith*, 316 id. 538; *City of Chicago* v. *Thielans*, 334 id. 231; *City of Pekin* v. *Grussi*, 338 id. 196). The mere opinion of witnesses that an improvement is unnecessary will not justify a court in substituting its judgment for that of the municipal authorities in determining the question whether an ordinance for an improvement is reasonable. *Jones* v. *City of Chicago*, 213 Ill. 92; *City of Ottawa* v. *Colwell*, 260 id. 548.

The objections that the proposed sewer when completed will not be useful because the appellant has no water supply and distribution system, and that the village should provide water before it undertakes to construct a sewer are not available to the appellees. The evidence shows that the use and operation of the sewer will not depend upon the existence of a corporate water supply system; and the vil-

lage board did not transcend the limits of its discretion when it ordered the construction of the sewer before it made provision for a plant and mains to supply water in the municipality.

The objection that the disposal plant will drain into a small creek which is dry except in periods of rainfall is likewise untenable. The location of the outlet of the proposed sewer was necessarily to be determined by the board of trustees of the village from a consideration of all the facts and circumstances, including the conformation of the surface of the ground. (*Church* v. *People,* 179 Ill. 205). It does not appear from the evidence that, with the operation of the disposal plant, evil consequences will follow from the drainage of the residuum into the creek.

The evidence shows that the construction of two parallel sewers in the street improved as a State highway is justified. Apart from the necessity of duplicating the sewer in this street because permission to tunnel under the pavement was refused by the State highway department, it was shown that the second sewer could be laid at less expense than the tunnels under the pavement could be excavated. Even if there were fair differences of opinion with respect to the desirability of laying two sewers in the particular street instead of one, it cannot be said that the decision of that question by the village authorities was unjust, oppressive or unreasonable. *City of Chicago* v. *Hirschl,* 275 Ill. 60.

The determination of the question whether an ordinance for a public improvement is reasonable is unaffected by the assessment upon any particular parcel of property. The cost of the proposed improvement is limited by the estimate, and the assessment against any lot or tract of land must neither exceed the amount it will be benefited nor its proportionate share of the cost. If the improvement can be built at a cost not exceeding the estimate and no parcel of property is assessed in excess of its benefits and its proportionate share of the cost, the ordinance cannot be said to

be oppressive or unreasonable. With respect to the questions of benefits and proportionate share of cost, both the municipality and the property owners have the right to a trial by jury and these questions are not to be determined on the hearing of legal objections. *Village of Bradley* v. *New York Central Railroad Co. supra; City of Carbondale* v. *Reith, supra.*

The evidence fails to disclose an abuse of discretion by the board of trustees of the appellant in the passage of the ordinance in question. The judgment of the county court is therefore reversed and the cause is remanded to that court, with directions to proceed in conformity with this opinion.

*Reversed and remanded.*