THE CITY OF HIGHLAND PARK, SPECIAL ASSESSMENT No. 389, Petitioner-Appellee, *v.* EDWARD HINES LUMBER COMPANY, *et al.,* Objectors-Appellants.

(No. 70-77;

Second District—December 29, 1970.

Snyder, Clarke, Dalziel, Holmquist & Johnson, Runyard, Behanna, Conzelman, Schultz & O'Meara, all of Waukegan, Brodle & Daugherty, of Chicago, for objectors-appellants.

Thomas H. Compere, Corporation Counsel, of Highland Park, (Berle L. Schwartz, Assistant Corporation Counsel, of counsel,) for petitioner-appellee.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

Judgment of confirmation of a special assessment is challenged by objectors in their appeal.

The levy of assessment was to pay the cost of pavement, curbs, gutters and sidewalks in Oakwood Avenue and storm sewer in Mulberry Place. The total amount of the assessment was $163,769.88, of which $98,259.93 was assessed against Highland Park, and the balance of $65,509.95 spread over fifty-six properties.

The owners of fifty-one of the parcels filed legal and benefit objections which were overruled.

■■ The objectors' contention is that the assessor used an erroneous method, described as a "front foot valuation zoning formula" further characterized as "nothing more than a front foot assessment", rather than assessing on the basis of benefits received by the private owners; and that property benefited by the storm sewer was improperly omitted from the assessment roll. In our opinion, neither objection is supported in the record and the judgment of confirmation is correct.

■■ An assessment made on a frontage basis without regard to benefits would be invalid (*City of Belleville v. Miller* (1913), 257 Ill. 244, 247) but the record does not sustain this objection. The assessor is not precluded from taking front footage into consideration as an element in fixing the amount of the assessment. (*City of Lewistown v. Braden* (1956), 9 Ill.2d 620, 625, 626.) Here the roll includes property with the same front footage and zoning classification which have been assessed different amounts. It is apparent that, in addition to frontage, the assessment took into consideration relative benefits between property of varied zoning classifications, whether or not the property was being presently used for the purpose zoned. Zoning may properly be taken into consideration, and benefits are not limited to the present use of property capable of a different use. *I.C.R.R. Co. v. City of Chicago* (1892), 141 Ill. 509, 514; *East St. Louis v. American Roof Corp.* (1928), 331 Ill. 58, 63, 64. See also *Weitz v. Davis* (Ariz.-1967), 424 P.2d 168, 171-2.

■■■ There is no prescribed method, plan or basis under the law for the levying of a special assessment for local improvements. The assessment must be made on the basis of relative benefit to the property but

the assessing officer is presumed to do his duty and the roll will not be modified unless the asssessment is clearly inequitable or unjust or so improper as to amount to fraud. (*Ownby v. City of Mattoon* (1923), 306 Ill. 552, 559; *City of Batavia v. Wiley* (1931), 342 Ill. 384, 391.) The objectors have not sustained their burden of proof within this concept either on the issue of benefits to the property included or upon the issue of alleged omissions of property from the assessment.

■■ A professional engineer testified on behalf of the city that the storm sewer would not have any effect in draining water from the omitted Green Bay Road properties which were, in the witness's opinion, already adequately served by an existing storm sewer in Deerfield Road; and further testified that property included in the assessment would benefit by protection from flooding by diverting the storm water around it. The trial court properly considered and weighed this testimony in favor of the assessment over the testimony of an engineer presented by objectors. *Clark v. City of Chicago* (1907), 229 Ill. 363, 366, 367.

The judgment of confirmation is affirmed.

Judgment affirmed.

MORAN, P. J. and ABRAHAMSON, J., concur.