*In re* PETITION to Levy a Special Assessment for Construction of Sidewalks—(THE VILLAGE OF GLEN ELLYN, Petitioner-Appellee, *v.* WAYNE A. LAMI *et al.,* Objectors-Appellants.)

(No. 71-304;

Second District—March 5, 1973.

Robert A. Cox and Delbert S. Lyle, both of Glen Ellyn, for appellants.

J. Edgar Kelly, of Glen Ellyn, for appellee.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Plaintiff-petitioner, after passing an ordinance for the construction of sidewalks along various streets, petitioned the court for an order levying a special assessment for the costs involved. Defendant-objectors filed objections which the court overruled. There being no stay order entered pending this appeal, the sidewalks were installed.

Defendants urge that the court erred: (1) when it failed to consider evidence on whether the sidewalks were necessary and, (2) when it found the sidewalks bestowed a private benefit to their property.

That portion of the sidewalk project here pertinent extends for an approximate three blocks east of Main Street along the north side of Elm Street and there dead-ends at the wall of a subdivision; defendants' properties are in the easternmost section thereof. At the time of hearing, sidewalks were already installed on the properties adjoining defendants to the west and a walk was proposed for the south side of the street. At trial, it was defendants' position that there was no general public need for a sidewalk in front of their properties due to the fact that its use would stop (or start) at the subdivision wall and because a sidewalk was already proposed for the south side of the street. It was their further position that no private benefit would inure to their properties and that, for these reasons, the total cost should be borne by the plaintiff.

An initial hearing, in the nature of a pretrial conference, was had between the attorneys for the litigants and the judge. The apparent purpose was to advise the court of the objections raised by the pleadings. When

informed that the first objection created an issue of necessity, the judge expressed a view that the question of necessity was a legislative determination not subject to review by the court. There followed this dialogue:

"Attorney [for defendants]: Now they [plaintiffs] have limited us to one issue, and I think this is improper.

Court: If you have any others, I certainly didn't mean to shut you off.

Attorney: I certainly do.

Court: I beg your pardon. I thought you were through. I didn't mean to jump the gun.

Attorney: One of my other objections has been to the public benefit.

Court: That I didn't know.

Attorney: My other objection has been to the cost of the improvements exceeding the value of them.

Court: That's fair enough. We will set that down for hearing."

Ten days later the case was tried. The plaintiff called no witnesses. Defendants introduced the testimony of just one witness, a real estate broker and appraiser who qualified as an expert. It was his opinion that the defendants' properties would not derive any benefit from the installation of the sidewalk. His opinion was based upon general character of the properties, "the fact they have existed for many years without sidewalks, the need for people to use those sidewalks, and the appearance or the change in esthetics that might occur as a result of the improvement." The witness than stated that the sidewalk in question would either begin or end at the easterly end of one of the defendants properties, that there were sidewalks either in place or proposed on the south side of the street and that that sidewalk would provide any necessary access to the residents of the area. This concluded the defendants' proof.

■■ Defendants contend that they were denied their right to introduce evidence on the issue of necessity, bottoming their argument on the trial judge's view expressed during the initial hearing. While we agree that the judge's understanding of the law on the subject was incorrect, *Village of Glencoe v. Jackson*, 102 Ill.App.2d 65, 74 (1968); *City of Waukegan v. Drobnick*, 61 Ill.App.2d 88, 97 (1965), we do not find it to be grounds for reversing this case.

■■ At the time of the preliminary hearing, defendants were not prepared for trial and requested a continuance. Subsequently, at trial, the evidence introduced by defendants' expert included testimony, meager as it might have been, which touched upon the necessity of the improvement. No objection was made to the inclusion of such evidence. Further, the judge's earlier-expressed view did not preclude defendants from

calling other witnesses on this issue. In the event testimony of such other witnesses had been prevented, defendants could have made an offer of proof. This is not a case where the judge's attitude can be said to make such an offer unnecessary. *Miller v. Chicago Transit Authority,* 78 Ill.App.2d 375, 379-381 (1966).

■■■ On this issue, however, there remains the question of whether the testimony of defendants' expert, that the sidewalk was not necessary, was sufficient to overcome the plaintiff's ordinance declaring the sidewalk necessary. The necessity of a local improvement is a legislative determination expressed by ordinance and is presumed valid unless found unreasonable. The presumption will not be overturned upon the mere opinion of witnesses that the improvement is unnecessary. The evidence must be clear that the legislative determination is unreasonable before the court will interfere. (*City of Ottawa v. Colwell,* 260 Ill. 548, 553 (1913); *Village of Millstadt v. Bereitschaft,* 344 Ill. 550, 554 (1931); *Village of Glencoe v. Jackson, supra.*) We find that the proof herein was insufficient to overcome the presumption of necessity created by the plaintiff's ordinance.

■■■ Defendants claim, that no private benefit accrued to their properties, is without foundation in the evidence. (Plaintiff's share of the total cost was approximately thirty-eight percent.) The assessment roll filed by the plaintiff herein is *prima facie* evidence that defendants' properties benefited to the extent shown thereby. (*City of Chicago v. Marsh,* 250 Ill. 512, 514 (1911).) To overcome the *prima facie* case made by the introduction of this roll, the defendants must show the fair cash market value of the property before and after the improvement. (*Village of Marissa v. Jones,* 327 Ill. 180, 192-193 (1927).) This was not done. Defendants only evidence on this point was the conclusionary statement of their expert that the sidewalk would be of no benefit.[1] The law is that a reviewing court will not disturb a finding on the question of benefits unless it is clearly and palpably against the manifest weight of the evidence. (*Village of Marissa v. Jones, supra,* at 193 and *City of Chicago v. Marsh, supra,* at 514.) Defendants have not met this criteria.

For the reasons stated, the judgment will be affirmed.

Judgment affirmed.

SEIDENFELD, P. J., and ABRAHAMSON, J., concur.

---

[1] We question whether the statement, to which there was no objection, was admissible. See, *Village of Marissa v. Jones, supra,* 192.