*In re* Assessment by the Village of Chicago Ridge, Assessor-Appellee. —(Mutual National Bank of Chicago, Trustee, Objector-Appellant.)

(No. 59828;

First District (4th Division)—April 9, 1975.

Richard D. Glickman and Edgar S. Greenwald, of Chicago, for appellant.

Ventrella and Wious, of Oak Lawn, for appellee.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

This cause arises from the levying of a special assessment by the Village of Chicago Ridge (hereinafter referred to as the "assessor") against

certain land owned by the Mutual National Bank of Chicago, as trustee (hereinafter referred to as the "assessee") in connection with the installation of a new sewage system. Assessee appeals from the order entered by the Circuit Court of Cook County overruling the assessee's objections to the special assessment.

The issues presented on appeal are (1) whether the proposed improvement abuts the subject property; and (2) whether the proposed improvement benefits the subject property.

On February 27, 1973, the President and Board of Trustees of the Village of Chicago Ridge enacted Ordinance No. 73—2—1 calling for the installation, by special assessment, of a sanitary sewer on property described in said ordinance. A commissioner, Donald J. Ryan, was appointed, confirmed, sworn and charged with the duty to make a true and impartial assessment upon the property to be benefited by the improvement. On May 9, 1973, Ryan filed an assessment role and report which included a total assessment of $23,060.38 against the property owned by the assessee.

On June 8, 1973, the assessee filed objections to the proposed assessment, maintaining, *inter alia*, the subject premises did not abut the proposed sewer construction; the sewer system would in no way benefit the assessee's property; and the assessment upon the property exceeded any benefits which would accrue therefrom.

On July 6, 1973, a hearing was held to consider assessee's objections. Mr. Harold Bacon, the first witness called by the assessee, testified he was the beneficial owner of Lot 18, the property in question. Bacon stated he was the owner of a steel fabricating plant located on the premises. He maintained the septic tank currently used as sanitary facilities was adequate and had caused "no troubles." Bacon was then asked about a private road located north of Lot 18. He stated it was used by his business and other concerns in the area as a means of ingress and egress. On cross-examination, Bacon stated he owned the private road but had granted an easement to the Village of Chicago Ridge. Bacon admitted the Village had never accepted a dedication of the private road.

William McCann, a real estate broker, then testified on behalf of the assessee that the subject property was presently serving its highest and best use. McCann admitted, however, that the assessee's building located on the premises occupied only 12 to 15 percent of the property in question.

The first witness called by the assessor was Frank Angelotti, a consulting engineer and preparer of the plans and specifications of the proposed improvement. Angelotti testified the proposed sewer extends up to and upon the Bacon property, namely, part of Lot 18 known as a

private road. Angelotti further testified the proposed sewer system would benefit the assessee's property.

Mr. Warren Schlieske, a real estate appraiser, also testified for the assessor. Schlieske stated that removal of the septic system on the assessee's property would enhance the value of the property alone by some $60,000.

At the close of all the evidence, the trial court entered its order overruling the objections of the assessee and validating the special assessment.

The assessee first contends the order of the trial court affirming the special assessment against Lot 18 was against the manifest weight of the evidence in that the proposed improvement was not shown to abut the subject property. In support of its contention, the assessee relies on the decision in *Mason v. City of Chicago* (1899), 178 Ill. 499, wherein the supreme court held that property not abutting on the line of a sewer improvement may be assessed only if it is within the defined limits of a district having the right to drain into the sewer, or some provision is made securing that right to the property.

■■ We believe the proposed sewer system provided for in the ordinance abuts the property in question. The following facts, regarding the assessee's property, are uncontradicted:

(1) The entire tract of land, prior to subdivision, was owned by the assessee;

(2) The assessee subdivided said property, retaining Lot 18 and the private road;

(3) The private road constitutes a means of ingress and egress to Lot 18;

(4) The road does not have a tax number by which it could be identified;

(5) The Village of Chicago Ridge never accepted a dedication of the private road, and assessee maintains and controls said road; and

(6) The assessee uses water supplied by the Village of Chicago Ridge.

The above-mentioned facts clearly reveal the intent of the assessee to retain ownership of the private road as a part and parcel of Lot 18. In *Chicago, Milwaukee & St. Paul Ry. Co. v. City of Chicago* (1914), 264 Ill. 24, the supreme court held a strip of property running parallel and perpendicular to a parcel of property, which strip was never accepted by the municipality, was in fact a private road and not a public street. Likewise, in *Lambach v. Town of Mason* (1944), 386 Ill. 41, the court held

where there is a common law plat, wherein the municipality has not accepted a dedication of a street, the fee to the street is in the adjoining lot owners and passes to subsequent grantees with the conveyance of the lots. By virtue of the nondedication of the private road to the Village of Chicago Ridge, coupled with the maintenance and control of said road by the assessee, and its acceptance of Village water, the private road was part and parcel of Lot 18. Consequently, since the proposed sewer system crosses the private road, the proposed improvement abuts the property in question, and the assessee was properly assessed by the assessor.

The assessee next contends the order affirming the special assessment was against the manifest weight of the evidence in that no benefit to Lot 18 from the improvement was shown to exist. Assessee argues that the assessor failed to meet its burden of proving that the benefit to Lot 18 warrants the assessment.

■■ We do not agree with the assessee's contention. A special assessment must be made on the basis of relative benefit to the property, but the assessing officer is presumed to do his duty, and the assessment role will not be modified unless the assessment is clearly inequitable or unjust or so improper as to amount to fraud. (*City of Highland Park v. Edward Hines Lumber Co.* (1970), 130 Ill.App.2d 664.) In the present case, the assessor has shown there will be a substantial freeing of land by virtue of elimination of the septic system, enhancing the value of the land alone by approximately $60,000; that further extension of the building may be accomplished, or additional buildings erected upon the property, without the requirement of additional septic fields; and that there is a possibility of a deficiency in the current septic system and the ability to use a sewer system would enhance the overall value of the subject premises. The special assessment against the assessee's property was therefore equitable and just and will not be modified or overruled.

For the reasons stated herein, the order of the Circuit Court of Cook County is affirmed.

Affirmed.

ADESKO and JOHNSON, JJ., concur.